FLEWELLEN *et al.* v. MCKENNEY *et al.*

FISH, C. J. 1. When the question whether a new court-house shall be erected for a given county is within the jurisdiction of a board of commissioners of such county, and they have duly determined that it shall be built, whether they will levy a tax for the current year, for the purpose of raising funds with which to build it, or will afford to the voters of the county an opportunity to avoid the necessity for levying such tax by authorizing the issuance of bonds by the county for the purpose of constructing the building, is a matter solely for the determination of such commissioners. *Elliott* v. *Gammon,* 76 *Ga.* 766; *Anderson* v. *Newton,* 123 *Ga.* 512(4), (51 S. E. 508). Although any taxpayer of

the county may, by a proper proceeding, have the action of the com-
missioners in levying such a tax reviewed by the judge of the superior
court, for the purpose of determining whether the tax levied is exorbi-
tant (Pol. Code, § 396),·it follows, from the above, that the determina-
tion of this issue can not be made to depend on the question whether
the commissioners, before levying the tax, should have afforded the
voters an opportunity to authorize the funds necessary for the con-
struction of the building to be raised by the issuance and sale of bonds
by the county.

2. A tax for the purpose of raising funds with which to build a court-
house for a county may be lawfully levied, without first having made
a contract for its erection. *Dyer* v. *Erwin*, 106 *Ga.* 845 (33 S. E. 63);
*Johnson* v. *Pinson*, 126 *Ga.* 121 (54 S. E. 922); *Gaines* v. *Dyer*, 128 *Ga.*
585(6), (58 S. E. 175).

3. Leave was granted to the plaintiff in error to bring under review the
decisions in the last two cited cases, so far as they affected this ques-
tion; and, upon review, they are reaffirmed.

4. The points above decided are the only ones referred to in the briefs of
counsel for plaintiffs in error, as objections to the action of the county
commissioners.          *Judgment affirmed. All the Justices concur.*

Argued February 7,—Decided March 25, 1908.

Petition for injunction. Before Judge Reagan. Henry supe-
rior court. December 14, 1907.

*W. R. Hammond* and *M. D. Womble,* for plaintiffs.

*M. H. Sandwich* and *J. Y. Allen,* for defendants.